16-0365, people of the state of Illinois, Lincoln, Abilene, the Apollo, Arrhenius, Paulina, Lieutenant General. I hereby welcome the officers, Lieutenant General, Mr. Terry P. Gatch, President of the United States of Illinois, Abilene, Mr. Vittorio, and Joe. All right, thank you. Mr. Gatch, on behalf of the Apollo, you may proceed. Good morning, Your Honor. Good morning to the court. My name is Terry Gatch, and I represent the Apollo. I received notice on Friday that this court wanted to discuss the issue of jurisdiction, so I thought we should address that first. Apollo was sentenced on April 15, 2016, and his attorney immediately asked for notice of appeal to be filed. There was some question about whether he would be considered indigent and be able to have our office court him. And so the judge expressed concern about that issue, and the defense attorney said, you know, some time to gather documentation on the issue of an indigency and whether... To look into the issue, so to speak. Right. And so the judge asked, well, how long do you need? And he said, a couple weeks. And so the judge then said, I'll continue to... How does May 17th work? And counsel said, that would be fine. And the judge then says, continue to May 17th for filing a notice of appeal and my decision on whether the office of the state appellate is going to be appointed. And so following People v. Sanders and In re M.S., the onus is on the judge once the defendant makes the request for a notice of appeal. The judge or the clerk or the circuit clerk to file a notice of appeal. Well, that would normally be the case unequivocally, but in this case we have that little twist, because as you alluded to, didn't the attorney ask them not to file it then because of other things he was looking into? Correct. But if you look at the judge's statement then in continuing it, it's clear that they were going to file a notice of appeal. And I think that's the important thing about Sanders is that the Supreme Court said the judge should have known that this defendant, and in that case it wasn't even as explicit, but the judge should have known that the defendant wanted to file a notice of appeal. Well, if that's the case, then why wasn't there a 606C certificate? Well, so our office didn't take over the case in time to file a proper late notice of appeal. We weren't appointed until after the six months period time had expired. As far as why within the next 30 days the 606C certificate, I don't think that the parties in the circuit court realized that they were one day late. And so until we took over, nobody knew that. And again, our office wasn't appointed within the time frame where we could normally fix this sort of jurisdiction. Let me ask you a point of question. I mean, let's assume what you say is true, and I think probably for the record it is, everybody operated in good faith, everybody operated with the best of intentions, but the time frames, as you know, technically were not met. In light of the recent Supreme Court decision in Salem, do we have the discretion, do we, the appellate court, do we have the discretion to overlook a failure to file, comply with a rule that's jurisdictional? Because according from the court in Salem, the appellate court had no discretion to forgive defendant's failure to comply with the rule. So how do we grant relief in light of that unequivocal statement by the Supreme Court? Well, in that case, it's the defendant's failure to comply. In this case, it's the judge's failure to comply with the rule. How do you judge failure to comply when he was asked to not, you know, have the clerk do it because they wanted more time? So why does that fall under the system? Well, when you ask the judge for more time, then the judge continues it to a point where it becomes, then, impossible to comply. But I think you can put the onus on the judge. In these other cases where the judge directs the clerk to do it and the clerk fails to do it in a timely manner, the court says, you know, we can't blame the defendant for the clerk failing. Well, if we can't blame the defendant for the clerk failing, we certainly can't blame the defendant for the judge failing or the judge's miscomprehension of the time allowed. You know, I think the judge should be held to a higher standard than the clerk. So your argument is not that the judge should have ordered the notice of appeal to be filed that day when the attorney said, no, wait, we're not going to file it just yet. The judge was duty-bound to set the case within 30 days. And because the judge didn't do that, then that puts us into the Sanders category as opposed to the Salem category? Correct. And the judge actually loses jurisdiction to do anything under 30 days. So whatever the judge wanted to do, the judge had to do it within 30 days. I mean, absent some other filing, like a motion to reconsider sentence. But the judge's jurisdiction over the case expired in 30 days. Well, and I see your point. And, you know, most people draw an apt analogy to where the clerk, somebody does what they believe they should do, and then through no fault of the defendant directly, the case gets set outside the time frame. But I can hear her making an argument. Isn't there some duty? Isn't it incumbent upon the attorney or the defendant to also check? What if the judge set the case 45 or 60 days clearly outside of the time frame? Shouldn't the attorney have some obligation to monitor that? Well, absolutely. The attorney has an obligation, but also the judge does as well. The judge is in charge. The attorney said it was the attorney who said we'll wait. We will wait on the notice of appeal until we decide the issue. Right. Not until the next court date. It was until he and his client decided whether to appeal. No, no. Or whether to seek the appointment. Correct. But then the judge specifically said at the very end, we'll continue to May 17th for filing of notice of appeal and for the court to consider appointment of the appellate defendant. And that would be for filing of a notice of appeal. So the judge specifically states that the notice of appeal will be filed on May 17th, but May 17th is one day too late. So it's not as though the judge says for the defendant to decide whether a notice of appeal will be filed. I mean, everyone was clear that the notice of appeal was going to be filed. It was the issue of indigency and our appointment that was the only thing that was really up in the air. And I think that's why if the attorney had just said we'll wait and see about filing a notice of appeal, that would be one thing. But for the judge to say we're continuing to May 17th for filing of notice of appeal. That would clearly imply that that would be a timely date to say. Right, correct. There is some case law that talks about improper admonishments taking it outside the 30 days. You're not making any argument about the admonishments in this case, correct? Well, I did not raise the 605 admonishment issue because this court granted our motion, which established jurisdiction. So the only relief for improper admonishments is re-admonishment for the ability to then file proper notice of appeal. So the issue sort of disappeared when there wasn't any relief to be had once this court granted the motion with regard to considering the notice of appeal the next time it filed. Well, now that we're looking at it again, did you include, I don't recall. Did you include that in your motion to declare jurisdiction? Any admonishment issue? I did not. We did not. Looking at the admonishments, you know, there might be an issue, because I reviewed them again once I received this court's notice about the jurisdictional issue, that they don't technically comply with, you know, the letter of the law as to 605. But, again, it was clear that everybody knew. Like, the issue with 605 is that does the defendant know whether he wants to file a notice of appeal? Well, yeah, he knew, and he said right away, I want to file a notice of appeal. And then there's this sort of back and forth. Like, you know, it's not clear why the attorney wanted me. The proper thing to do is just file a notice of appeal and then determine the pingency. I mean, obviously, this wasn't a good way to go about it. But at the same time, the defendant should be able to rely on the judge to know that the 30-day time limit is absolute. So unless you have more questions about jurisdiction, I'd like to talk a little bit about the reasonable doubt issue. There were three victims in this case, and we deal with the youngest daughter, R.A. The problem with her testimony is that it's both improbable and contrary to human experience. She described several acts of sexual abuse and assault. All of them occurred in the exact same manner, where she was on the bed with Pablo and one or two other people. The biggest problem with her testimony is that she initially said it occurred around the time that she was not. On the eve of the first trial, Pablo filed a motion, essentially, that he was going to argue an alibi defense, that he had actually been in Mexico since early 2005. And so it made the allegations physically impossible. She then reviewed, at the request of the state's attorney, reviewed some pictures of prior birthdays and then said, no, it actually happened around my seventh birthday. So instead of between the ages of 9 and 10, it happened when she was 6 or 7. The problem with that time shift is that her seventh birthday also falls outside of the time where Pablo was in the country. He arguably left in early 2005. And so the shift in time doesn't actually save her allegations. There's also a problem with whether it's believable that the mom could have slept through at least two instances of sexual assault on her daughter in the same bed while she was sleeping. It seems fair to say it's contrary to human experience that an adult man could have sex with a 6-year-old girl on a bed with the mother and brother on the same bed at the same time and no one be the wiser of it. You raise some very practical, logical arguments. But then again, we are confronted with the well-settled rules of law that it is the prior effect is to judge the credibility of the witnesses, the weight to be given to the testimony and resolve inconsistencies. And this was a jury trial. So specifically in this case, how do we overcome that well-settled rule that also prohibits us from substituting our judgment for that of the jury? Well, rather than considering credibility, we're looking at more probability. The odds of all of these occurrences happening in one trial make the evidence insufficient. The odds of her misremembering being 6 versus 9, you know, that could happen. It could also happen that on the evening trial, she realizes it just after the alibi was disclosed. It also could maybe be physically possible for the defendant to abuse her while other people aren't in the same bed one time or maybe two times but six times. It's the convergence of all of these factors that make the story improbable and contrary to even the experience of an eyewitness. What about the other victims? We did not challenge those because their stories don't have the same inconsistency. But their stories corroborate her. But the abuse there was different in kind. The abuse happened when they were alone with him. There was never any actual sex. You know, there was touching and groping alleged by the other two, but there was never any involvement. I'm talking about the details but the fact that he had this propensity, that propensity evidence corroborates the victim, the RA, correct? Correct. But it doesn't fix the deficiencies in her stories. That happens in every child sexual abuse case, doesn't it? And the more time that goes by, the greater the loss of memory and the details don't always match up. Well, the details don't always match up, but not to this extent. You may finish your thoughts. I'd just, I guess, like to conclude that we ask this court to overturn the convictions with regard to RA and send this case back to re-sentencing on the other convictions. Thank you. Thank you, Mr. Ketcham. Ms. Joseph. Good morning, Your Honor. May it please the Court. Counsel. Katariya Joseph for the people of the State of Illinois. Oh, how I wish it were true that it is all on the trial judge to set things within a time limit and not count against the attorneys. We may win a lot more speedy trial violation cases that way if that were the case. Here, the fact that the court set a date outside of the 30-day limit does not absolve defendant or his counsel from filing the notice of appeal within 30 days. Although the admonishments under Rule 605 may not have been word-for-word compliant, he was advised that it needed to be filed within 30 days. It was defense counsel who made the statement, We will wait on the notice of appeal until we decide that issue. The issue was whether he was indigent to be appointed counsel. There were two separate requests made by defendant following his 605 admonishments. He asked for the clerk to prepare a notice of appeal and have the appellant defender appointed. The court did not make one contingent on the other. In fact, the judge said, you can ask the clerk to prepare a notice of appeal. That could have been done. His but, based on what I heard so far, he is not indigent, was related to his request to appoint counsel, which under Rule 607 is a separate inquiry. And there, it's actually once the notice of appeal is filed, then the judge should be making that inquiry. You indicated the admonishments told the defendant that he had 30 days. The admonishments specifically told the defendant he had 30 days to file a motion to reconsider sentence. And if he won the motion, he'd be resentenced. And if he lost the motion, then he'd have 30 days after that to file a written notice of appeal. There's nothing in there that says you have 30 days to file your notice of appeal. From that day. Well, you are correct, Your Honor. And what effect, if any, does that have on this jurisdiction issue? I'm sorry? What effect, if any, does that have on this jurisdiction issue? And I know it wasn't in the briefs. No, it was not in the briefs. It's not in the briefs. I don't remember. What? Trying to, I did come across something. Since it was not raised in the briefs, and I don't remember if I. It wasn't raised in the motion either. No, there was a case that I cited in my brief that it does say in paragraph 4, with respect to the appeal admonishments, we do note that the untimely filing of a notice of appeal is not excused where the appeal admonishments were deemed faulty. Well, that kind of flies in the face of Williams and Brown, correct? Again, this was a brief, so maybe we shouldn't get off on this tangent. I don't want to hold your feet to the fire on this, but there are cases that talk about improper admonishments allowing an absence of violation. And usually does go back to correct the admonishments. That's usually the relief that is granted here. But as far as the judge's statement at the end of the hearing about coming back on May 17th, number one, counsel acquiesced to the day. You know you're currently on the 15th. You know no matter what the 17th, unless you're in the month of February to March, is going to be outside of the 30 days. You're saying the fact that the judge inadvertently said it beyond the time frame, you're saying doesn't immunize anyone from their obligations to call to the court's attention? And do they have that obligation? They may not have the obligation to call it to the court's attention, but they still have the obligation to file the notice of appeal within 30 days. And the statement about waiting to file the notice of appeal until we decide that issue is not so clear that it's waiting on the court to decide the issue as much as it is to confer with client whether the appointment of counsel is going to be dependent on whether he wants to pursue this appeal. So you're saying this is distinguishable. There's the older Williams and Brown cases that hold that where the court does not advise a defendant of the time to file, then it's a do-over there. There is some relief under those cases. Whether or not they remain good law is another issue in light of Salem. So he cannot analogize the situation here to that where basically he's saying they were misled. We assumed that it was within the time because the court said it, so we assumed it was correct. Well, as I said, Your Honor, the state is usually held to the fire in assuming dates are correct within the speedy trial limitations. So, no, we would not agree that there was a false sense of what that date should have been. It needed to be filed within the 30 days, and even a day late is too late. I mean, the real issue is our authority because under Salem, right? I mean, he's going to have his appeal heard at some point in time because it's either ineffective assistance or supervisor order or something of that nature. It's your limitation at this moment. Let's assume we have the ability to address the issues. Where do you stand on the counsel's argument about the unbelievable nature of the abuse testimony? Well, Your Honor, I wish it was unbelievable as it is, but as being a counsel for 10 years, these allegations aren't very different than what I normally see in child sex abuse cases. I wish it was improbable that people abused children in front of others, but that is not the case. That happens more often than not in my human experience. You had two people who were not paying attention in the room. The mother was asleep. There was no evidence that she woke up. There was no evidence the brother who was fully engaged, the younger brother fully engaged in a video game, having just come off of a show where there were two young children involved. You could pass them in the hallway watching them play their video games, and they never looked up or acknowledged your presence once. So the jury heard all of these arguments about her improbable testimony, the problems with her recall. They were fully aware of these, and they found in her favor. As Your Honors pointed out, it is not your responsibility to substitute the judgment for that of the trier of fact. And here, her explanation as to why she couldn't remember how old she was at a specific birthday party was heard, and the jury found that that was not so fatalistically flawed as to not find her testimony believable. And as far as the sentencing argument, the one thing that the State did want to point out is the bringing up plain error in a reply brief. There are a combination of things that are going on here. First, we have a Supreme Court rule, 341H7, that says points that are not argued in an opening brief are waived. The people acknowledge the Supreme Court has allowed defendants to raise a plain error argument in the reply brief because the State can also forfeit forfeiture if it is not raised. However, looking at Williams, on which Ramsey relies, the purpose of plain error is to guard against the possibility that an innocent person may have been convicted due to some error, which is obvious from the record but not properly preserved, and to protect and preserve the integrity and reputation of the judicial process. The purposes were not present here where there was not an obvious error in the record. And while the Supreme Court rule and the Supreme Court case law combined allows defendants to raise a plain error argument for the first time in a reply brief, that does not guarantee that your honors may consider their argument. Counsel would disagree that the error was not obvious in that the trial judge basically imposed consecutive sentences without really saying why, and the statute requires that they be imposed discretionarily only for the protection of the public. Well, here there are three areas of forfeiture a defendant has to overcome, one that he did not object to the specific findings that your honor just addressed. Number two, you can also look at the entire sentencing record that was held. The judge does explicitly state that this defendant, if he were able to get out, is likely to re-offend. He then went on to the reprehensible and nature of the conduct, and this is definitely a record in comparing the records that have been found sufficient to meet the discretionary requirement versus those that have not. This is not just somebody who briefly says, I considered the factors of mitigation and aggravation. They did, the judge here did go into detail. If we were to affirm R.A. as the conviction where R.A. was the victim, it's a mandatory natural life. So why would a consecutive sentence to natural life be necessary? I mean, if we want to medicate the R.A. convictions, then let's go back to re-sentencing anyway. There is a case that I found this morning. If it would be helpful for your honors, I will file a motion to add additional authority. It has to do with the imposition of consecutive sentences following a death penalty case in which they were given the death penalty. And it is a 5th District case called People v. Legger. And they found no error in that imposition due to the fact that the sentence could be modified, commuted, or reduced at any time. So there, it was found not to be an error even in the light of death penalty. When did you uncover this case? I'm sorry? When did you uncover this case? Unfortunately, it was this morning. Okay, and you did not show it in the closing? No, that is why I did not want to necessarily argue it. You'll have to file a motion for it. That's what I just, I did say, Your Honor. If the court would find it helpful, I will be filing it as soon as I return to the office. You may attempt to file the motion. Thank you, Your Honor. So, in light of that, that is part of the reason that overcoming the, what I guess is the closely balanced of why they, it is plain error. The judge found that he would be likely to re-offend, detailed the nature and likelihood of re-offending, and it has not been error in cases because of the modification that could happen to a sentence. It is not an, if it is not error, it cannot be then plain error. And third, just the procedural default should be honored because defendant still has the burden to make persuasive legal argument as to plain error. I will admit I got caught in making half of their argument for them in our opening brief. I can assure you that if defense counsel fails to raise plain error again, we will just be limiting our argument to it is forfeited. And ending our argument there. All right. Are there any other questions, Your Honor? Well, just as a cautionary note, we can always overlook forfeiture. So that's a tactical decision you might make. That's a limitation on the part of the defense. That's a yes. Yes. You may want to think about that again, but that's up to you. All right. Thank you, Ms. Kelsey. Thank you. All right. Mr. Goetz, you may address the Court in your model. I think the only thing I wanted to discuss in my model was the issue of raising plain error as a response to the State. And I think, again, it is a tactical matter. If the State doesn't raise plain error, then why would we? I mean, plain error is harder to reach than – it's a harder standard to establish. And so the State is saying, don't go with what the Supreme Court said, where the Supreme Court allows this to happen. You know, maybe certain issues aren't properly litigated that way, but – and we don't do that in every case. But the onus is on the State to argue it. And, frankly, they do in almost every case. But maybe that's why they want us to raise it initially, because they're going to probably address it. But as a tactical matter, if the Supreme Court allows for that, then I think it's perfectly reasonable for us to wait until the reply brief to address plain error, unless there's another question. I believe so. Thank you, Mr. Goetz. I'd like to thank both counsel for the quality arguments here this morning. The matter will, of course, be taken under advisement. A written decision will issue a new course.